

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 8, 2015**

**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **REGINA NACHAEL HOWELL FOSTER,** | § | **CASE NO. 12-43804-RFN-7** |
| | § | |
| **Debtor.** | § | |

### MEMORANDUM OPINION DENYING THE FOSTER CHILDREN'S MOTION TO PROCEED *IN FORMA PAUPERIS* WITH RESPECT TO APPEAL OF ORDER DENYING MOTION TO REMOVE THE TRUSTEE FOR CAUSE

The debtor in this case is Regina Foster. She currently is represented by counsel, Jennifer Clayton. The debtor has three minor children (the "Foster Children"). The debtor has been appearing throughout the case as the "next friend" of the Foster Children. The Foster Children, through their mother, claim to be creditors of this bankruptcy estate, but this court has disallowed their claim.

The Foster Children have filed a Motion for Paupers Status [Dkt #270] asking for waiver of the appeal fee for their notice of appeal [Dkt #235] of this court's Order Denying the Motion of the Foster Children to Remove the Trustee For Cause [Dkt #226].

Although it primarily deals with waiver of the filings fees for chapter 7 debtors, 28 U.S.C. §1930(f)(3) permits either a bankruptcy court or a district court to waive fees for creditors in accordance with Judicial Conference policy.  Judicial Conference policy on the waiver of fees in bankruptcy cases is set forth in the Bankruptcy Fee Compendium III, June 1, 2014 Edition (the "Compendium").  The Compendium notes that the Judicial Conference has not yet issued a policy concerning the waiver of fees for parties other than chapter 7 debtors.  Compendium, at p. 69.  Moreover, the Compendium notes that courts disagree over whether a bankruptcy court has the power to waive fees for anyone other than a chapter 7 debtor. *Id.* Finally, the Compendium states that it is unclear whether either or both 28 U.S.C. §1915 and 1930(f) apply to requests to waive fees for persons other than a chapter 7 debtor.

Section 1930(f) permits waiver of the chapter 7 debtor's filing fees if that person "has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget…) applicable to a family of the size involved" and the person is otherwise unable to pay the fee.  If this statute applies, the Foster Children appear to qualify for waiver simply because the Foster Children's request indicates that the family of four has monthly income of $2,679.00.  That is below $2,981.25, which is 150 percent of the official poverty line for a family of four.

Because it is unclear whether 28 U.S.C. § 1930(f) applies, the court has looked also to 28 U.S.C. § 1915, which applies to proceeding *in forma pauperis* in federal court litigation. *See, Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305 (11th Cir. 2004) (holding that although 28 U.S.C.

§ 1915 refers to "prisoners" the statute applies to other federal litigants). The Fifth Circuit has held that a litigant seeking to proceed *in forma pauperis* under 28 U.S.C. § 1915 must show both (1) that the litigant is unable to afford the costs of the appeal fee without suffering undue hardship, and (2) that the appeal is taken in good faith and not frivolous. *Bell v. Children's Protective Services*, 506 Fed. Appx. 327 (5th Cir. 2013); *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *Flowers v. Turbine Support Division*, 507 F.2d 1242 (5th Cir. 1975).

The court accepts as true the assertion that the Foster Children do not have sufficient income to fund an appeal. Nevertheless, the court finds that the Foster Children, through their mother, are not proceeding in good faith. The court has determined after a hearing on the trustee's objection to the children's claim that the claim has no merit and the debtor is using the claim to unnecessarily multiply litigation and expense to this bankruptcy estate.

In July 2012, when the debtor filed this chapter 7 case she did not list the Foster Children as creditors in her schedules. Indeed, she has never amended her schedules to include them as creditors. Nevertheless, in June 2013, the debtor filed a proof of claim on behalf of her children in the amount of $8,213.07.

The claim asserted by the debtor on behalf of her children has its genesis in the will of the debtor's great aunt, Margaret Lynch Green, who died in 2004. In her will, Ms. Green bequeathed certain real property at 5921 Bonnell Avenue in Fort Worth, Texas to the debtor's minor children. Notably, the children only become owners of the Bonnell property when they reach the age of 21. Until then, the property is to be held by the debtor in trust for the benefit of the children. The property taxes on the Bonnell property have not been paid since 2006, prompting the City of Fort Worth to file suit against Ms. Green and her successors.

The City of Fort Worth's tax claim is not a claim against this bankruptcy estate. The Bonnell property is not an asset of this estate (indeed, the debtor has never scheduled it as such), and the city has never alleged that the debtor is personally liable for the taxes.

Based upon these facts, the chapter 7 trustee objected to the Foster Children's proof of claim. At a hearing on the objection on January 5, 2015, the debtor articulated three reasons why this estate is liable for the property taxes.

First, the debtor said that because her children are liable for the taxes, she as their mother is liable as well. There are several problems with this argument. First, under Ms. Green's will, the children do not become owners of the property until they reach the age of 21. None of the children has yet reached that age. Second, even if the children could be construed to be the current owners of the Bonnell property, the debtor has provided no authority that as their mother she is liable for this type of debt. After conducting its own research, the court finds no authority for such position.

Next, the debtor argued that she breached her duty as the trustee of the children's trust to pay the property taxes and, as such, her bankruptcy estate should be held liable for the property taxes. Ignoring for the time being the sheer lack of equity in this argument, it should be noted that this argument is inconsistent with her first argument. The debtor predicates her first argument on the assumption that her children own the Bonnell property and are personally liable for the taxes. The second argument assumes that the trust owns the property and is liable for the taxes.

Notwithstanding this inconsistency, the court easily disposed of the breach of trust theory at the hearing on the objection to the Foster Children's claim. At the hearing, the debtor testified that as trustee she has done everything in her power to preserve the Bonnell property for the benefit

of her children. Initially, tenants occupied the property and the debtor thought they had paid the taxes. The debtor only became aware of the delinquent taxes after she filed for bankruptcy, and then had no money to pay them. Still, she has been working with the city on a payment plan to preserve the property for her children. So, the debtor's testimony completely belies any notion that she has breached any duty to the children or the trust.

Finally, in the proof of claim, the debtor alleged that the children's claim is a secured priority claim because it is a tax or penalty owed to the government under section 507(a)(8) of the Bankruptcy Code. At the hearing on the objection to the claim, the debtor argued that the children are subrogated to the city's claim for property taxes. Two facts render this claim frivolous. First, as previously noted, the Bonnell property is not property of this estate and, so, the city cannot assert a claim for taxes against this estate. Second, neither the debtor nor the children have paid the taxes, so no claim for subrogation exists. Consequently, the debtor has failed to articulate any plausible theory as to why a tax claim against property that is not property of this estate should nevertheless be regarded as a claim against this estate.

It is logical to ask why this makes a difference in the context of the current motion. Under normal circumstances questions concerning a party's standing ought to be addressed as part of the merits on appeal, not in the context of a motion to proceed *in forma pauperis*. So why all the fuss?

It would be simple to grant the Foster Children's motion to proceed *in forma pauperis*, but it would not be right. Any claim alleged by or on behalf of the children is completely illusory. As the court noted at the hearing on the trustee's objection to the Foster Children's claim, the debtor has used this alleged claim to unnecessarily and vexatiously multiply the litigation in her case. Indulging the fantasy that the claim is legitimate, the debtor files multiple motions and responses. At hearings she is represented in her individual capacity by counsel, but then makes an individual

appearance in her alleged capacity as a representative of her children. She insists on her right to argue for her children as well as her lawyer's right to argue for her.

In January 2014, the debtor filed a motion for relief from stay to permit, among other things, the debtor to have a state family court determine whether certain marital property was community property or separate property. This court denied the motion because it determined that it, not the state court, should determine what is and is not property of the estate. The debtor *on behalf of her children* appealed, even though the children were not the movants. The District Court denied the appeal as untimely.

Later, the debtor *on behalf of the children* filed a motion seeking withdrawal of the reference, abstention and remand. This court recommended that the motion be denied because, among other things, the motion was an improper collateral attack on the order denying the motion for relief from stay. The District Court adopted this court's recommendation for the reasons stated therein. This is but one example of how this court's time, as well as that of the trustee and her counsel have been frittered away by pretending that the Foster Children are creditors in this case.

It is time for this charade to end. The Foster Children are not creditors in this case. They had no standing to seek removal of the trustee, and they have no standing to prosecute this appeal. Any assertion to the contrary is made in bad faith. While this court has no authority to preclude the debtor in her alleged capacity as next friend of the Foster Children from prosecuting this appeal, it does have the power to deny her the right to proceed at no cost. The court hereby exercises that power pursuant to the authorities cited above, as well as pursuant to 11 U.S.C. §105(a), which permits the court to enter any order to prevent an abuse of process. Because granting the Foster Children the right to proceed *in forma pauperis* would be an abuse of process, the motion is denied.

**###End of Memorandum Opinion###**